# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

GLORIA GUTIERREZ,

    Plaintiff,

vs.

CAROLYN W. COLVIN, THE COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. C 13-4091-MWB

**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

_____

**TABLE OF CONTENTS**

*I.   INTRODUCTION ............................................................................ 2*

*II.  DISABILITY CLAIM AND ONSET DATE ........................................... 2*

*III. DISCUSSION ................................................................................. 3*
    *A.  Judge Strand Properly Discounted Dr. Dean's Opinions .................. 4*
        *1.  Legal Standard ................................................................. 4*
        *2.  Gutierrez's Objection ........................................................ 4*
        *3.  Analysis ........................................................................... 5*
    *B.  Judge Strand Properly Evaluated the ALJ's Credibility Determination ............................................................................. 8*
        *1.  Legal Standard ................................................................. 8*
        *2.  Gutierrez's Objection ........................................................ 9*
        *3.  Analysis ........................................................................... 9*

*IV. CONCLUSION ............................................................................. 13*

## I. INTRODUCTION

This case is before me on a Report and Recommendation (R&R) from Judge Strand, filed on June 25, 2014. Report (docket no.17). In the R&R, Judge Strand recommends that I affirm the Commissioner's decision.

On July 9, 2014, Gloria Gutierrez (Gutierrez) filed timely objections to the R&R. Plaintiff's Objections to the Report and Recommendation (hereafter Plaintiff's Objections) (docket no. 18). Gutierrez's criticism of the R&R is two-fold: (1) the R&R erred in concluding that Dr. Rodney Dean's (Dr. Dean) opinions do not warrant reversal with directions to either award benefits or further proceedings; and (2) the R&R erred in sustaining the Administrative Law Judge's (ALJ) credibility analysis of the plaintiff. Gutierrez requests that, as a result of her mental and physical impairments, the case should be remanded to the Social Security Administration (SSA) with directions to award disability and Supplemental Social Security Income (SSI) benefits. Plaintiff's Objections at 2. Alternatively, Gutierrez requests that the case be reversed and remanded for further proceedings. *Id.*

On July 16, 2014, the Commissioner filed a response to Gutierrez's objections. Defendant's Response (docket no. 19). For the reasons discussed below, I accept the R&R, and affirm the Commissioner's decision that Gutierrez is not disabled. Accordingly, I enter judgment in favor of the Commissioner and against Gutierrez.

## II. DISABILITY CLAIM AND ONSET DATE

On April 26, 2012, Gutierrez filed for Social Security Disability Benefits (DIB) and SSI under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.* The Record (hereafter Tr.) 12. She alleged a disability onset date of February 3, 2012. *Id.* She claimed that her disability was a consequence of her anxiety, panic attacks,

2

depression, a dislocated disc in her lower back, neck pain, arthritis, a swollen right leg, and suicidal thoughts. Tr. 12, 276.

### III. DISCUSSION

The sole issue I address is whether to accept Judge Strand's R&R, and affirm the finding that Gutierrez was not disabled from February 3, 2012, through the date of the ALJ's decision on May 23, 2013. To resolve this issue, I review de novo the portions of the R&R to which Gutierrez objects. 28 U.S.C. § 636(b)(1)(C). Gutierrez raises two objections, and I consider each in turn: whether (1) the R&R properly considered Dr. Dean's opinions, and (2) the R&R correctly analyzed Gutierrez's credibility. The Commissioner's decision on these matters must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006). "Substantial evidence is less than preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008) (internal quotation marks omitted).

Based on her objections, Gutierrez requests that I reverse the Commissioner's decision and remand the case. Gutierrez's criticisms of the R&R are identical to two criticisms that she made about the ALJ's opinion. *See, e.g.*, Plaintiff's Objections at 10–18; *see also* Plaintiff's Brief (docket no. 13), 12–15, 16–17; *see also* Plaintiff's Reply (docket no. 15), 2–5. Also, as the defendant points out, "Much of plaintiff's arguments amount to requesting that this Court reweigh the evidence." Defendant's Response 2. However, my role is not to "reweigh the evidence presented to the ALJ or to try the issue[s] . . . de novo." *Howe v. Astrue*, 499 F.3d 835, 839 (8th Cir. 2007).

### A. Judge Strand Properly Discounted Dr. Dean's Opinions

#### 1. Legal Standard

In his R&R, Judge Strand nicely summarizes the role of a reviewing judge when considering an ALJ's decision and when there is newly submitted evidence that was not in the record until after the ALJ issued its decision. In the words of Judge Strand, "[M]y role is to determine whether the ALJ's decision 'is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made.'" Report at 11 (citing to *Bergmann v. Apfel*, 207 F.3d 1065, 1068 (8th Cir. 2000) (quoting *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994)). He continues: "In practice, this requires [a reviewing judge] to decide how the ALJ would have weighed the new evidence had it existed at the initial hearing." *Id.* at 12.

#### 2. Gutierrez's Objection

According to Gutierrez, Judge Strand's R&R errs by concluding that Dr. Dean's new evidence does not warrant reversal because, based on Dr. Dean's opinions, Gutierrez meets the criteria for a disability listing under § 12.04.[1] Plaintiff's Objections at 10. In her brief, Gutierrez argues, "Because Dr. Dean's opinion letters submitted to the Appeals Council are consistent with the decline in Gutierrez's mental health noted by Dr. Dean and other providers, the Magistrate's conclusions should be overruled." *Id.* at 11.

---

[1] The record before the ALJ consisted of Dr. Dean's assessment notes from October 13, 2011, to March 28, 2013. Report at 8. Gutierrez's allegations are based on Dr. Dean's opinions from two documents not of record before the ALJ issued its opinion: a Residual Functional Capacity (RFC) questionnaire dated July 26, 2012, and a letter from Dr. Dean dated June 27, 2013. Tr. 628, 638. Even though Dr. Dean's RFC questionnaire was completed almost a year before the ALJ's hearing in April 2013, it was not submitted to the ALJ before the ALJ's hearing. Rather, the new evidence was submitted to the Appeals Council after the ALJ's decision. The Appeals Council considered this new evidence and still decided the ALJ's decision was supported by the record as a whole. Tr. 1–5.

Gutierrez suggests that Judge Strand misstates the facts by concluding that Dr. Dean's opinions were "extremely" different than his other records. *Id.* at 13. This is because Dr. Dean's Global Assessment of Functioning (GAF) scores of 44 for Gutierrez in July 2012, and three other medical providers' GAF scores of 44 for Gutierrez in June 2012, "confirm Dr. Dean's assessment of the severity of [Gutierrez's] condition." *Id.* at 14. Gutierrez asserts other medical providers' opinions also support Dr. Dean's conclusions. *Id.* at 15. Gutierrez notes that after she underwent a year of additional treatment, Dr. Dean "reconfirmed his prior findings in 2013." *Id.* Dr. Dean's assessment notes in 2012 and 2013 "reveal how [Gutierrez's] condition was severe and that treatment was not helping her." *Id.*

### 3. Analysis

I agree with Judge Strand's analysis and finding that the new evidence presented by Dr. Dean "does not undermine the ALJ's decision or otherwise require remand." Report at 11. In reaching that decision, Judge Strand relied on a crucial factual distinction in *Bergmann v. Apfel*, 207 F.3d at 1070–71, in comparison with this case. In *Bergmann*, the Eighth Circuit Court of Appeals found that the new evidence presented after the ALJ issued its decision altered the picture of the claimant's condition that was initially presented to the ALJ. *Id.* Therefore, the Eighth Circuit Court of Appeals remanded the case for the Commissioner's reconsideration in light of the new evidence. *Id.* at 1071. The appellate court focused on the fact that the ALJ gave *one* reason for its finding of no disability—i.e., Bergmann's intent to return to work. *Id.* This *one* reason was negated by new evidence presented by Bergmann's treating physician, which indicated that Bergmann would be unable to return to work for the foreseeable future. *Id.*

By contrast, Judge Strand points out that Dr. Dean's new evidence would not have changed the ALJ's decision because the ALJ did not rely on one reason, but *several* compelling reasons to find that Gutierrez's mental and physical impairments did not

5

amount to a listed disability. Report at 13. As Judge Strand explains in his R&R, the ALJ found that "the medical evidence did not support a finding of disability for Gutierrez's physical impairments because although it demonstrated Gutierrez suffered pain, she had been prescribed medication and was able to move in a satisfactory manner." *Id.*; *see also* Tr. 15. The ALJ was also persuaded by the fact that after her breast cancer surgery in June of 2012, Gutierrez was released to work with no restrictions by her treating physician, Dr. Wolpert.[2] At present, Gutierrez's cancer is in remission, and she noted she is "cancer free." Tr. 60. Regarding Gutierrez's mental impairments, the evidence presented to the ALJ suggested she suffered from only "moderate limitations," and she was "capable of simple, unskilled work." Report at 13; *see also* Tr. 18. The ALJ concluded that "[n]either the longitudinal medical record nor [Gutierrez's] testimony supports a finding of disability." Tr. 19. Unlike the plaintiff's record in *Bergmann*, 207 F.3d at 1070, Gutierrez's record does not establish that she was disabled for 12 continuous months. Tr. 17. Finally, the ALJ considered Gutierrez's lower GAF scores, but gave those scores less weight when considering all of the evidence. *Id.* at 18.

In addition, as Judge Strand asserts, the ALJ's decision to discount Dr. Dean's new evidence was bolstered by the fact that Dr. Dean's findings in his RFC questionnaire (dated July 26, 2012) and letter (dated June 27, 2013) are inconsistent with his treatment notes and the record. Report at 13. Dr. Dean's RFC questionnaire describes Gutierrez's limitations as "marked" and "extreme," whereas his treatment notes assign GAF scores that indicate "moderate limitations at most." *Id.* Thus, there is no reason to assume that the ALJ would have given Dr. Dean's new evidence greater weight.

---

[2] The ALJ rightly gave "great weight" to the opinion of Dr. Wolpert based on his status as Gutierrez's treating physician. Tr. 19.

6

Dr. Dean's treatment notes present varying GAF scores and assessments of Gutierrez's mental states over time.[3] Let us consider a few. On October 13, 2011, Dr. Dean rated Gutierrez's GAF score at 69. Tr. 18, 361. In May 2012, Dr. Dean completed a psychiatric assessment and gave Gutierrez a GAF score of 59, indicating moderate limitation of function. *Id.* at 435. Then, in June 2012, a counselor in Dr. Dean's office assigned her a GAF score of 44. *Id.* In February 2013, Dr. Dean rated her GAF score at 55. *Id.* at 19. Gutierrez's psychotic symptoms were reported to improve with medication in March 2013. *Id.* Despite the differences in Dr. Dean's assessments, most of his opinions note successful results following Gutierrez's receipt of prescription medication for her mental problems. *Id.* This inference weighs against a finding of disability. *Id.*; s*ee also Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003) (quoting *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling.") (citation omitted).

Finally, Judge Strand highlights one of the clear inconsistencies between Dr. Dean's assessments and the record: Dr. Dean opined that Gutierrez "had experienced four or more episodes of decompensation," whereas the record reflects only one such episode. Tr. 16, 632; *see also Goff v. Barnhart*, 421 F.3d 785, 790–791 (8th Cir. 2005) ("[A]n appropriate finding of inconsistency with other evidence alone is sufficient to discount the opinion."). Following the one episode, when Gutierrez was hospitalized after she overdosed on medication and attempted to commit suicide, she reported to the

---

[3] Dr. Dean's assessments also include discussions about Gutierrez's physical limitations for which he, as her psychiatrist, did not treat Gutierrez and are outside his area of expertise. Report at 11. Agreeing with Judge Strand's analysis, I find that such discussions further weakened the credibility of Dr. Dean's opinions. *See Turley v. Sullivan*, 939 F.2d 524, 527 (8th Cir. 1991) ("As with any expert witness, the treating physician's opinion is subject to criticism as being outside his or her area of expertise.").

7

doctor that "her goal for the next year is to get her depression under control, stop drinking alcohol and look for a job," following which she was discharged on a higher dose of an antidepressant. Tr. 521. Dr. Dean's treatment notes do not indicate that Gutierrez experienced any other severe or frequent episodes of decompensation. Report at 13.

For the above reasons, I find that the ALJ's holding would have remained unchanged if Dr. Dean's new evidence had been part of the record at the time of the ALJ's hearing. This is because, as Judge Strand reasonably concludes, "the ALJ would have discredited Dr. Dean's opinion" based on the inconsistencies in his assessments and "given little weight to the new evidence." *Davidson v. Astrue*, 578 F.3d 838, 842 (8th Cir. 2009) ("It is permissible for an ALJ to discount an opinion of a treating physician that is inconsistent with the physician's clinical treatment notes."). In agreement with the ALJ and Judge Strand, I conclude that substantial evidence supports the ALJ's finding that Gutierrez's mental impairments did not meet the criteria for a disability listing under §§ 12.04 and 12.06 during the alleged disability period. *Pelkey*, 433 F.3d at 577.

### B. Judge Strand Properly Evaluated the ALJ's Credibility Determination

#### 1. Legal Standard

Judge Strand discusses the standard used by an ALJ to evaluate the credibility of a claimant's subjective complaints from *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).[4] Report at 15. Judge Strand explained that a reviewing court must "defer to the ALJ's determinations regarding the credibility of testimony, so long as they are

---

[4] In *Polaski*, the Eighth Circuit Court of Appeals held that the ALJ must consider a claimant's prior work record, and observations by third parties and treating and examining physicians as to: the claimant's (1) daily activities; (2) duration, frequency, and intensity of pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. 739 F.2d at 1322.

8

supported by good reasons and substantial evidence." *Id.* (citing to *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)). "It is not my role to re-weigh the evidence," writes Judge Strand. *Id.* at 19 (citing to 42 U.S.C. § 405(g); *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000) ("[I]f, after reviewing the record, [the Court] find[s] that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Commissioner's] findings, [the Court] must affirm the decision of the Commissioner.") (citation and internal quotation marks omitted).

### 2. *Gutierrez's Objection*

Gutierrez contends that Judge Strand erred in deciding that the ALJ's credibility findings were supported by substantial evidence. Plaintiff's Objections at 16. According to Gutierrez, her testimony "was credible because her limitations could reasonably be expected to grow out of her impairments." *Id.* (citing to *Carlson v. Astrue*, 682 F.Supp.2d 1156, 1165 (D. Or. 2010)). In addition, while Gutierrez concedes the fact that she worked during the time that she claims disability, she argues that she "did not hold a job for long periods of time." *Id.* Gutierrez cites *McGee v. Bowen* for the proposition that "[t]he critical standard pertaining to people with mental health disorders is not whether they can obtain work, but whether they can hold it." 647 F.Supp. 1238, 1252 (N.D. IL 1986). As a consequence, the ALJ "erred in giving great weight" to that evidence when analyzing her credibility. Plaintiff's Objections at 17. Lastly, Gutierrez argues that the ALJ and Judge Strand incorrectly gave "significance to [her] application for unemployment benefits" when considering her credibility. *Id.* at 17–18 (citing to *Lopez v. Colvin*, 959 F.Supp.2d 1160, 1174 (N.D. Iowa 2013)).

### 3. *Analysis*

I find that neither the ALJ nor Judge Strand erred by not giving credence to Gutierrez's subjective complaints. As Judge Strand notes, "the ALJ provided good reasons, supported by substantial evidence in the record as a whole," to discredit

Gutierrez's subjective allegations. Report at 16. The ALJ highlighted the inconsistences in the record as to the objective medical evidence and Gutierrez's subjective allegations; Gutierrez's job search, receipt of unemployment benefits, and vocational rehabilitation services; and Gutierrez's activities of daily living. Tr. 17–20; *see also Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2009) ("Acts which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility.").

In his R&R, Judge Strand reiterates the inconsistencies mentioned by the ALJ, including the fact that Gutierrez's credibility was weakened by her inability to provide requested documents to the ALJ. Record 15–16. Gutierrez returned to light duty work in late 2011, but she failed to submit her worker's compensation records and vocational rehabilitation records as requested by the ALJ. *Id.* at 15–16, 21; Tr. 12, 19. It is noteworthy that Gutierrez contacted her vocational rehabilitation counselor on Friday, April 26, 2013 to inform him that she was, all of a sudden, not looking for a job because of her disability hearing scheduled for the following Monday, April 29, 2013. Tr. 54. Gutierrez also failed to submit requested x-rays allegedly indicating that she might need surgery for arthritis. The ALJ considered Guiterrez's failure to submit that evidence when deciding that her symptoms were not as severe as she alleged.

I am further persuaded that the ALJ acted properly in discounting Gutierrez's credibility for several other reasons. For instance, there were inconsistencies in the record as to Gutierrez's level of education and drug use. She claimed she graduated from high school and also claimed she has a ninth grade education. *Id.* at 20, 360. At the ALJ hearing, Gutierrez testified that she has never smoked marijuana. *Id.* at 56. However, she admitted to smoking marijuana to Dr. Dean. *Id.* at 360.

Additionally, the record suggests that Gutierrez overstated her mental symptoms and impairments, and understated her ability to perform daily activities. For example, Gutierrez had only "mild restrictions" in her daily activities. *Id.* 15. She also only had

10

"mild difficulties" in social functioning, which "would not prevent her from interacting appropriately with co-workers, supervisors, and the public." *Id*. She cares for personal needs (e.g., driving to the grocery store and appointments close to home) and performs routine household tasks (e.g., cooking and cleaning). *Id.* at 48–49, 52. After the alleged disability onset date, she moved to a new home and began working as a daycare provider, which demonstrates significant residual capacity. *Id.* at 15, 20, 373–74, 395. Such activities are inconsistent with disability. *Medhaug*, 578 F.3d at 817 ("[A]cts such as cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking, are inconsistent with subjective complaints of disabling pain."); *see also Pena v. Charter*, 76 F.3d 906, 908 (8th Cir. 1996) (quoting *Stephens v. Shalala*, 46 F.3d 37, 39 (8th Cir. 1995) (noting that "[w]here there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints" and credibility is diminished where there are inconsistencies between subjective complaints of pain and daily living patterns).

In reaching the conclusion that Gutierrez could perform work, the ALJ was also persuaded by the state agency's and vocational expert's opinions. The state agency opined that Gutierrez "could do jobs other than her past work." Tr. 17. The vocational expert opined that Gutierrez "could do her past work as a cleaner, as the job is generally performed." *Id*. The vocational expert testified that Gutierrez could also perform light, unskilled jobs, such as: (1) office helper; (2) production assembler; and (3) kitchen helper. *Id*. at 21. Based on the record, the ALJ was persuaded that Gutierrez was able to perform her past relevant work as a housekeeper "as generally performed," and the other work identified by the vocational expert. *Id*. at 20–21.

Putting aside Gutierrez's failure to submit documents relevant to her work history, and inconsistencies in the record, the ALJ had another valid reason to question the credibility of Gutierrez's subjective allegations. Here it is: there is a "lack of supporting objective medical evidence." Report at 18–19. Indeed, Judge Strand reiterates the fact

that the ALJ uncovered little medical evidence supporting any of Gutierrez's alleged physical limitations. *Id.* at 19, 21. An ALJ is permitted to consider the lack of objective medical evidence when evaluating a claimant's credibility. *See Halverson v. Astrue*, 600 F.3d 922, 931–32 (8th Cir. 2010); *see also Kisling v. Chater*, 105 F.3d 1255, 1258 (8th Cir. 1997) (noting the absence of medical evidence supporting subjective complaints of pain is a factor that supports the discounting of such complaints).

Contrary to Gutierrez's argument, the ALJ did not commit reversible error by concluding that Gutierrez "had to choose between disability and unemployment." Plaintiff's Objections 18. Rather, the ALJ indicated that it considered the plaintiff's application for unemployment insurance while she continued to look for work among all of the other evidence relevant to the case. Tr. 19, 38–39. Gutierrez's application for and receipt of unemployment benefits is one factor among many that must be considered in determining the credibility of her complaints. *See Smith v. Colvin*, 756 F.3d 621, 625 ("Applying for unemployment benefits adversely affects credibility, although it is not conclusive, because an unemployment applicant 'must hold himself out as available, willing and able to work.'").

Relatedly, as indicated by the Defendant's Response, Gutierrez erred in relying on *Lopez v. Colvin*. *Lopez* is a parallel case in which Judge Strand affirmed the denial of benefits where the claimant worked part time, and like this case, she "held herself out as being able to work in applying for unemployment benefits." *Lopez*, 959 F.Supp.2d at 1174. There, Judge Strand reasoned that the ALJ "did not place too much weight on [the claimant's] application for unemployment benefits . . ." *Id.*

In sum, Judge Strand discussed the ALJ's analysis of Gutierrez's credibility in the following manner: "Because the ALJ provided good reasons for discrediting the statements of Gutierrez . . . that are supported by substantial evidence, I will defer to her credibility determination." Report 19. I agree with Judge Strand's analysis of the ALJ's

decision. The record is replete with evidence that lessens Gutierrez's credibility, and therefore, I defer to the ALJ's determination regarding Gutierrez's credibility. In doing so, I also affirm the ALJ's decision that Gutierrez was not credible to the extent that she claimed she was disabled. *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008) ("The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts."); *see also Polaski*, 739 F.2d at 1322 ("Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole."). I find that the ALJ properly set forth the reasons for discrediting Gutierrez's testimony, and discussed the inconsistencies in the record to demonstrate that it analyzed the relevant evidence. *See Marciniak v. Shalala*, 49 F.3d 1350, 1354 (8th Cir. 1995) (citation omitted).

## IV. CONCLUSION

For the foregoing reasons, I affirm the ALJ's decision based on the R&R of Judge Strand. Although Gutierrez's condition does cause her some limitations in the type of work that she can perform, she is not disabled. I find the objections filed by Gutierrez regarding Judge Strand's discussion of Dr. Dean's medical opinions and Gutierrez's credibility to be unpersuasive. The ALJ's decision was supported by substantial evidence in the record as a whole.

**IT IS SO ORDERED.**

**DATED** this 3rd day of October, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA